IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LAURA AUBERT,

    Plaintiff,

    v.    No. 18-CV-0118-WJ-LF

CENTRAL NEW MEXICO COMMUNITY
COLLEGE, KRISTEN COULTAS-KAY,
Individually and officially, RANDALL
CRANDALL, individually and officially,
KAREN MONTOYA, individually and officially,
RUDY GARCIA, individually and officially,
KATHERINE WINOGRAD, officially,
and CRAIG VENDERPLOEG, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ORDER DIRECTING CLERK OF COURT TO MODIFY CAPTION OF CASE AND ORDER DENYING WITHOUT PREJUDICE CNM DEFENDANTS' MOTION TO DISMISS COUNTS I AND II AND FOR QUALIFIED IMMUNITY

THIS MATTER comes before the Court upon Plaintiff's Motion for Leave to File First Amended Complaint (**Doc. 33, filed 4/30/18**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's Motion is well-taken, and, therefore, is **GRANTED**.

### BACKGROUND

Plaintiff Laura Aubert ("Plaintiff") alleges that Defendant Craig Vanderploeg, a former tutor employed by Central New Mexico Community College ("CNM"), sexually harassed her while she was a student at CNM. Plaintiff has filed suit against CNM for violation of her civil

1

rights protected by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* (Count I), and against CNM and certain administration and staff members in their official and individual capacities (collectively "CNM Defendants"), for violation of Title IX and the Equal Protection Clause through 42 U.S.C. § 1983 (Count II). Plaintiff has also filed suit against Defendant Vanderploeg individually for violation of Title IX, Equal Protection, and state tort claims (Counts III, IV, V). Plaintiff seeks to amend her complaint to include details of a conversation she had with Defendant Kristen Coultas-Kay, who Plaintiff claims was a supervisor in the Student Learning Center where Defendant Vanderploeg was employed at the time of the harassment. Doc. 33, ¶¶ 31, 78, 83.[1] Plaintiff claims she described in detail the harassing conduct by Defendant Vanderploeg in her conversation with Defendant Coultas-Kay. Doc. 33, ¶ 31. The details of this conversation upon which Plaintiff's proposes to expand are contained in Paragraph 31 of Plaintiff's Proposed Amended Complaint. Doc. 33. CNM Defendants oppose Plaintiff's proposed amendment about the conversation with Defendant Kristen Coultas-Kay on the grounds that amendment is futile and not in the interest of justice. Doc. 34.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a court should freely give leave to amend pleadings "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing party. *Castleglen, Inc. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993). A "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014); *see also Ellison v. Roosevelt Cty. Comm'rs*, 700

---

[1] Plaintiff also seeks to change the case caption and make minor spelling changes to certain Defendants' names, which Defendants do not oppose and the Court addresses below.

F. App'x 823, 833–34 (10th Cir. 2017) ("Because this proposed amendment would not have cured the pleading defect in [plaintiff's] First Amendment claim, the magistrate judge correctly denied the motion to amend as futile."). At the pleading stage, "a complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to allege facts that would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1012–13 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Rural Water Dist. No. 4 v. City of Eudora*, No. 07-2463-JAR-DJW, 2008 U.S. Dist. LEXIS 34051, at *15–16 (D. Kan. Apr. 24, 2008) ("[T]he Court may find Plaintiff's proposed amended [claim] futile if, viewing the well-pleaded factual allegations in the proposed amended claim as true and in the light most favorable to Plaintiff, the proposed claim does not contain enough facts to state a claim for relief that is plausible on its face.").

For an educational institution to incur liability under Title IX, a plaintiff must show that "a school official who possessed the requisite control over the situation had actual knowledge of, and was deliberately indifferent to, the alleged harassment."[2] *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1247 (10th Cir. 1999). Plaintiff argues that amendment should be allowed for the purpose of "avoid[ing] the possibility of dismissal on the basis of having not plausibly pled, in her original Complaint [Doc.1], that she sufficiently alleged her sexual harassment by Defendant Vanderploeg to give Defendant Coultas-Kay actual knowledge of a report of sexual harassment." Doc. 36 at 2. The Court agrees with Plaintiff that the proposed amendment cures the issue for which Plaintiff is asserting it, which is whether Plaintiff has adequately pled that she provided a

---

[2] Plaintiff and CNM Defendants dispute whether in this instance the harassment must also have been "so severe, pervasive and objectively offensive that it deprived [Plaintiff] of access to the educational benefits or opportunities provided by the school." Doc. 21 at 16 (citing *Escue v. N. Oklahoma College*, 450 F.3d 1146, 1152 (10th Cir. 2006)). The Court does not decide whether this standard applies here at this time; for the purposes of the foregoing analysis, amendment is not futile, even if Defendants are correct about the additional standard, because Plaintiff has plausibly pled her claims to satisfy the additional standard under *Escue*. Doc. 1, ¶ 27, 29, 62, 64, 103.

sufficient description of her tutor's conduct to constitute imparting "actual knowledge" to Defendant Coutlas-Kay from their conversation.

CNM Defendants mistakenly blend the standards for ruling on the merits of Plaintiff's claims with the standards for amendment at this stage, which only require the Court to examine whether the proposed amendment cures the pleading defect such that the claim would then survive a motion for dismissal for failure to state a claim. *See Anderson v. Suiters*, 499 F.3d 1228, 1238–39 (10th Cir. 2007) (affirming district court's denial of motion to add claims because proposed amended claims were subject to dismissal due to inadequate pleading). Defendants assert that "[e]ven if clarifying the exact language used in the report to Coultas-Kay had some theoretical value as to actual knowledge, such knowledge does not change the other legal arguments regarding whether Coultas-Kay was an 'appropriate person' whose knowledge could establish Title IX liability for CNM." Doc. 34 at 3. But Plaintiff's amendment provides factual support for her Title IX and § 1983 claims and is not merely of "theoretical value" as CNM Defendants argue. Furthermore, whether Defendant Coultas-Kay actually is an "appropriate person" whose knowledge or actions are attributable to CNM for Title IX purposes is not a pleading deficiency—it is a factual dispute for which the Court lacks evidence at this procedural phase. The same is true of Defendants' arguments that the amendment fails to establish that Defendant Coultas-Kay or CNM were deliberately indifferent, or that the amendment does not establish municipal liability, because those are factual and legal disputes and not pleading deficiencies, as Plaintiff has plausibly pled these elements. Doc. 1, ¶¶ 78, 83, 84–88, 100, 102, 105, 112, 114, 117–120. Furthermore, the Court notes that plaintiffs are not tasked with crafting their complaints around the defense of qualified immunity; defendants bear the burden of

establishing qualified immunity, which, even if successfully asserted, is not a pleading deficiency that the Court expects amendment to cure.

Finally, Defendants argue that the Court should not grant Plaintiff's request for leave to amend her complaint because it will force Defendants to refile their Motion to Dismiss. Being required to refile a motion is not the legal standard, and Plaintiff even requests that Defendants not be allowed to refile their Motion to Dismiss. As the amended complaint may change the parties' arguments, the CNM Defendants will be allowed to refile their Motion to Dismiss Counts I and II and for Qualified Immunity, and Plaintiff will be allowed to respond accordingly.

## CONCLUSION

**THEREFORE**,

1. Plaintiff's Motion for Leave to File First Amended Complaint (**Doc. 33**, filed 4/30/18) is **GRANTED**.

2. The Court hereby **DISMISSES WITHOUT PREJUDICE** Defendants Central New Mexico Community College, Kristin Coultas-Kay, Randall Crandall, Rudy Garcia, and Katharine Winograd's Motion to Dismiss Counts I and II and for Qualified Immunity (**Doc. 13**, filed 2/28/18). Defendants may refile their Motion to Dismiss within **THREE (3) WEEKS** of the date of entry of this Order, with the response and the reply to be refiled according to this Court's local rules.

3. Plaintiff requests, and Defendants do not oppose, changes to the spelling of certain defendants' names. To this end, the Court hereby orders the Clerk of Court to change the following names: the name of Defendant Crandall to "Randolph Crandall"; the name of Defendant Winograd to "Katharine Winograd"; the name of Defendant Vanderploeg to "Craig Vanderploeg."

**The caption in this case shall reflect the following for all future filings:**

LAURA AUBERT,

    Plaintiff,

v.                                                No. 18-CV-0118-WJ-LF

CENTRAL NEW MEXICO COMMUNITY
COLLEGE, KRISTEN COULTAS-KAY,
Individually and officially, RANDOLPH
CRANDALL, individually and officially,
KAREN MONTOYA, individually and officially,
RUDY GARCIA, individually and officially,
KATHARINE WINOGRAD, officially,
and CRAIG VANDERPLOEG, individually,

    Defendants.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE